John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739

Ronald E. Richman
Jaimie C. Davis
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Counsel for Plaintiffs Teamsters-Employers*
*Local 945 Pension Fund and Trustees of*
*Teamsters-Employers Local 945 Pension Fund*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

----------------------------------------------------------------x
TEAMSTERS-EMPLOYERS LOCAL 945            :
PENSION FUND,                             :
                                          :
    and                                   :   Case No. 2:11-CV-
                                          :   00902 FSH-PS
TRUSTEES OF TEAMSTERS-EMPLOYERS           :
LOCAL 945 PENSION FUND,                   :
                                          :
        Plaintiffs,                       :
                                          :
    vs.                                   :
                                          :
WASTE MANAGEMENT OF                       :
NEW JERSEY, INC.,                         :
                                          :
        Defendant.                        :
----------------------------------------------------------------x

# DECLARATION OF JAIMIE C. DAVIS IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR A STAY OF THE ARBITRATION

I, Jaimie C. Davis, an attorney admitted to practice in the State of New York, hereby declare as follows:

1. I am an attorney-at-law admitted *pro hac vice* to practice in this Court in connection with the above-captioned matter. I am an associate with the law firm of Schulte Roth & Zabel LLP, with offices located at 919 Third Avenue, New York, New York 10022.

2. I make this declaration in support of Plaintiffs', Teamsters-Employers Local 945 Pension Fund (the "Fund") and Trustees of Teamsters-Employers Local 945 Pension Fund, Memorandum of Law in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and in support of Plaintiffs' Cross-Motion for a Stay of the Arbitration. I submit this declaration based on my personal knowledge and/or the documents annexed hereto.

3. On December 8, 2010, Fund counsel (Ronald E. Richman, Esq. and Jaimie C. Davis, Esq.) and counsel for Waste Management (Susan Hoffman, Esq.) participated in a conference call on behalf of the respective parties. During the December 8, 2010 conference call, Mr. Richman did not suggest that the parties adopt the procedures of the American Arbitration Association's (the "AAA's")

Multi-Employer Pension Plan Arbitration Rules for Withdrawal Liability Disputes (the "AAA's Rules") for the selection of an arbitrator only.

4. Waste Management has not, at any time, advised the AAA of a disagreement with the statement by the AAA that the parties agreed to have this matter administered in accordance with the AAA rules.

5. On February 17, 2011, Fund counsel provided Ms. Connelly with the Fund's list of acceptable arbitrators, along with a statement that such provision was without waiver of the Fund's right to challenge the timeliness of Waste Management's initiation of arbitration.

6. On March 28, 2011, Ms. Connelly notified the parties that the AAA had not been advised of any objections to Arbitrator Katz and confirmed his appointment in the Arbitration.

7. Since the appointment of Arbitrator Katz, Waste Management has been actively participating with the Fund and the AAA to schedule a pre-hearing conference with Arbitrator Katz. On March 28, 2011, counsel for Waste Management advised the AAA of her availability for the call.

8. Upon information and belief, subsequent to the appointment of Arbitrator Katz, Waste Management has not indicated to the AAA that the parties no longer require its assistance with the Arbitration.

9. I understand that it is not possible to go to the AAA only for the selection of an arbitrator.

10. A true and correct copy of counsel for the Fund's May 28, 2010 letter to Larry Faschan, Senior Resources Manager of Waste Management, (without its enclosures) is annexed hereto as Exhibit A.

11. A true and correct copy of counsel for Waste Management's July 30, 2010 letter to counsel for the Fund is annexed hereto as Exhibit B.

12. A true and correct copy of counsel for the Fund's November 24, 2010 letter to counsel for Waste Management (without its enclosures) is annexed hereto as Exhibit C.

13. A true and correct copy of counsel for Waste Management's November 29, 2010 letter to counsel for the Fund is annexed hereto as Exhibit D.

14. A true and correct copy of counsel for Waste Management's December 10, 2010 email to counsel for the Fund is annexed hereto as Exhibit E.

15. A true and correct copy of counsel for the Fund's December 14, 2010 email to counsel for Waste Management is annexed hereto as Exhibit F.

16. A true and correct copy of counsel to Waste Management's December 14, 2010 email to Claire Connelly, Assistant Supervisor at the AAA, (with a copy to counsel for the Fund), is annexed hereto as Exhibit G.

17. A true and correct copy of Ms. Connelly's December 17, 2010 email to counsel for Waste Management (with a copy to counsel for the Fund) is annexed hereto as Exhibit H.

18. A true and correct copy of Ms. Connelly's February 3, 2011 letter to counsel for the Fund and counsel for Waste Management is annexed hereto as Exhibit I.

19. A true and correct copy of Ms. Connelly's March 15, 2011 letter to counsel for the Fund and counsel for Waste Management is annexed hereto as Exhibit J.

20. A true and correct copy of the AAA Rules is annexed hereto as Exhibit K.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*Jaimie Davis*
Jaimie C. Davis, Esq.

Dated: April 4, 2011
       New York, New York