## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
-----------------------------------------------------------x
```
TEAMSTERS-EMPLOYERS LOCAL 945         :
PENSION FUND                          :
                                      :
    and                              :
                                      :
TRUSTEES OF TEAMSTERS- EMPLOYERS      :
LOCAL 945 PENSION FUND,               :
                                      :
                                      :
    Plaintiffs,                      :     Case No. 2:11-CV-00902-FSH-PS
                                      :
    v.                               :
                                      :
WASTE MANAGEMENT OF NEW JERSEY,       :     **Return Date:  July 18, 2011**
INC.,                                 :
                                      :
    Defendant.                       :
```
-----------------------------------------------------------x
```

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION FOR ATTORNEY'S FEES

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**Page**

**INTRODUCTION** ................................................................................................ 1

**PROCEDURAL BACKGROUND** ...................................................................... 1

**ARGUMENT** ...................................................................................................... 4

  I. THE LEGAL STANDARD ............................................................................... 4

  II. THE COURT SHOULD NOT AWARD ATTORNEY'S FEES TO WASTE
    MANAGEMENT. .............................................................................................. 5

    A. Plaintiffs Commenced the Action in Good Faith and Without Culpability ................ 5

    B. Paying Waste Management's Attorney's Fees Would Cause the Fund
      Significant Hardship. ..................................................................................... 8

    C. An Award of Attorney's Fees Would Frustrate ERISA's Objectives and Fail
      to Create a Deterrent Effect. .......................................................................... 9

    D. An Award of Attorney's Fees Would Benefit Waste Management, Not the
      Fund's Participants and Beneficiaries. ....................................................... 10

    E. The Merits of Waste Management's Position in a Case of First Impression Did
      Not So Outweigh the Relative Merits of Plaintiffs' Position. ................... 11

  **CONCLUSION** ............................................................................................... 12

# TABLE OF AUTHORITIES

**Authority**                                                                   **Page(s)**

## Cases

*Davis v. Reliance Standard Life Ins. Co.*,
   Civil Action No. 08-786, 2010 WL 1948342(E.D. Pa. May 12, 2010)...................5, 8, 9

*Digiacomo v. Teamsters Pension Trust Fund of Phila. & Vicinity*,
   154 Fed. Appx. 312 (3rd Cir. 2005)................................................................6

*Einhorn v. M.L. Ruberton Constr. Co.*,
   720 F. Supp. 2d 639 (D.N.J. 2010)..........................................................*passim*

*Hardt v. Reliance Standard Life Ins. Co.*,
   130 S.Ct. 2149 (2010)................................................................................5

*IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*,
   788 F.2d 118 (3d Cir. 1986)...............................................................10 n.3

*Local 827 Int'l Brotherhood of Elec. Workers, AFL-CIO v. Verizon N.J., Inc.*,
   No. Civ. 02-1019(RMB), 2006 WL 2246369 (D.N.J. Aug. 3, 2006)...........................6

*Marquardt v. N. Am. Car Corp.*,
   652 F.2d 715 (7th Cir. 1981)........................................................................4

*McGuffey v. Brink's, Inc.*,
   594 F. Supp. 2d 553 (E.D. Pa. 2009)........................................................*passim*

*McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc.*,
   33 F.3d 253 (3rd Cir. 1994)....................................................................9, 11

*Nat'l Sec. Sys., Inc. v. Iola*,
   Civil No. 00-6293 (AET), 2010 WL 3825712 (D.N.J. Sep. 24, 2010).....................4, 5

*Operating Eng'rs Pension Trust Fund v. Fife Rock Prods. Co.*,
   No. C 10-697 SI, 2011 U.S. Dist. LEXIS 9045 (N.D. Cal. Jan. 24, 2011)...................3, 7

*Operating Eng'rs Pension Trust v. Gilliam*,
   737 F.2d 1501 (9th Cir. 1984).......................................................................4

*Policaro v. Eaton Corp.*, Civil Action No.
   09-1039, 2010 WL 2933957 (W.D. Pa. July 26, 2010)......................................5

*R.I. Carpenters Annuity Fund v. Trevi Icos Corp.*,
    533 F. Supp. 2d 246 (D.R.I. 2006)……………………………………….…………4

*Toussaint v. JJ Weiser, Inc.*,
    No. 09-3797-cv, 2011 WL 2175987 (S.D.N.Y. June 6, 2011)……………………….4, 5

*Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*,
    642 F. Supp. 2d 317 (D. Del. 2009)……………………….……………………….…9, 10

*Trucking Employees of N. Jersey Welfare Fund, Inc. v. Brockway Fast Motor Freight Co.*,
    130 F.R.D. 314 (D.N.J. 1989)…………………………………………….…………...4, 6

*Ursic v. Bethlehem Mines*,
    719 F.2d 670 (3rd Cir. 1983)……………………………………………….…………4, 5

*Work v. Hartford Life & Accident Ins. Co.*,
    Civil Action No. 04-2565, 2007 WL 3287392 (E.D. Pa. Nov. 5, 2007)……………………4

## Statutes and Other Authorities

29 U.S.C. § 1132(g)(1)………………………………………………………………………4

29 U.S.C. § 1401(a)(1)……………………………………….…………10, 10 n.2

29 C.F.R. § 4221.14………………………………………………………………….…..7

Plaintiffs, Teamsters-Employers Local 945 Pension Fund (the "Fund") and its Trustees (the "Trustees"), by and through their attorneys, Schulte Roth & Zabel LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., respectfully submit this memorandum of law in opposition to the motion of Waste Management of New Jersey, Inc. ("Waste Management") for attorney's fees.

## INTRODUCTION

The underlying dispute in the action raised a question of first impression that has never been addressed by the Courts of Appeals for the Third Circuit or any other Circuit: whether Pension Benefit Guaranty Corporation ("PBGC") regulations require an employer, after attempting to initiate withdrawal liability arbitration under the regulations and subsequently electing to proceed under alternative rules, to timely initiate arbitration in accordance with those alternative rules. Based on a reasonable interpretation of the PBGC regulations, Plaintiffs alleged in the Complaint that Waste Management did not timely initiate arbitration by failing to timely pay the administrative fee pursuant to the alternative arbitration rules adopted by the parties. This Court disagreed with that interpretation. For the reasons set forth below, none of the five *Ursic* factors support a fee award in this case. Defendant's motion should, therefore, be denied.

## PROCEDURAL BACKGROUND

On February 16, 2011, in an effort to enforce the rights of participants and beneficiaries of the Fund, Plaintiffs commenced the captioned action against Waste Management (the "Action") seeking in its Complaint [Docket No. 1] (1) a declaratory judgment that withdrawal liability arbitration proceedings commenced by Waste Management were not timely filed under the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), the

regulations promulgated by the PBGC under ERISA (the "PBGC Regulations") and the American Arbitration Association's Multi-employer Pension Plan Arbitration Rules for Withdrawal Liability Disputes (the "AAA Rules"), and (2) an order staying or enjoining the pending withdrawal liability arbitration proceedings until there was a final judgment in this matter (the "Complaint"). (*See generally* Compl.)

In the Complaint, Plaintiffs alleged that, under ERISA, Waste Management was required to initiate withdrawal liability arbitration during the 60-day period commencing on November 25, 2010 and ending on January 23, 2011. (*See* Compl. at ¶ 23.) Plaintiffs acknowledged that Waste Management attempted, by letter dated November 29, 2010 from its counsel to Fund counsel, to initiate arbitration pursuant to the PBGC Regulations. (*Id.* at ¶ 25.) Plaintiffs alleged, however, that Waste Management initiated arbitration in an untimely manner, because the parties agreed to an alternative withdrawal liability dispute resolution procedure. (*Id.* at ¶ 36.) As Plaintiffs asserted in the Complaint, under the PBGC Regulations, when parties agree to alternative rules, those rules govern the parties' dispute in lieu of the PBGC Regulations, with exceptions not relevant to this Action. (*Id.* at ¶ 30.) The AAA Rules, agreed to by the parties, provide that a party initiates arbitration by, *inter alia*, filing a demand for arbitration along with an appropriate administrative fee. (*Id.* at ¶ 31.) Upon information and belief, Waste Management did not pay the fee until February 3, 2011, eleven days after Waste Management's arbitration deadline passed. (*Id.* at ¶ 35.)

The Action presented a legal question of first impression in the Third Circuit— whether the PBGC Regulations require an employer, after attempting to initiate arbitration under the PBGC Regulations and subsequently agreeing with a multiemployer pension plan to operate under alternative rules (here, the AAA Rules), to timely initiate arbitration in accordance with

such alternative rules.  In its Memorandum of Law in Support of Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 10] (the "MTD Br."), relying on the U.S. District Court for the Northern District of California's decision in *Operating Eng'rs Pension Trust Fund v. Fife Rock Prods. Co.*, No. C 10-697 SI, 2011 U.S. Dist. LEXIS 9045 (N.D. Cal. Jan. 24, 2011) ("*Fife*"), Waste Management countered that the parties' agreement to use the AAA Rules did not affect Waste Management's timely initiation of arbitration on November 29, 2011 under the PBGC Regulations.  (*See* MTD Br. at 7-10.)

On April 4, 2011, Plaintiffs filed their opposition to Waste Management's Motion to Dismiss and simultaneously filed the Cross-Motion [Docket No. 19].  In Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and in Support of Plaintiffs' Cross-Motion for a Stay of the Arbitration [Docket No. 19] (the "MTD Opp. Br."), Plaintiffs argued for the interpretation of the PBGC Regulations they believed to be correct, and set forth the reasons Plaintiffs believed that the *Fife* case—the only case either party could locate that is arguably on point—was not binding on the Court, inapplicable and wrongly decided.  (*See* MTD Opp. Br. at 20 n.10.)  On June 2, 2011, this Court issued an eight-page Opinion and Order, granting Waste Management's Motion to Dismiss and denying Plaintiffs' Cross-Motion as moot [Docket No. 25].  On June 16, 2011, Waste Management filed the instant motion, in which it seeks an award of attorney's fees incurred when Waste Management was required to defend against Plaintiffs' Complaint and its subsequent Cross-Motion.  (*See* Def. Memo. at 3, 8.)

# ARGUMENT

## I.

## THE LEGAL STANDARD

Section 502(g)(1) of ERISA ("Section 502(g)(1)") provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *see Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3rd Cir. 1983); *Nat'l Sec. Sys., Inc. v. Iola*, Civil No. 00-6293 (AET), 2010 WL 3825712, at *6 (D.N.J. Sep. 24, 2010). "[T]raditional policy cautions against awarding attorneys' fees except in limited circumstances." *Trucking Employees of N. Jersey Welfare Fund, Inc. v. Brockway Fast Motor Freight Co.*, 130 F.R.D. 314, 325 (D.N.J. 1989). Section 502(g)(1) "does not automatically mandate an award to a prevailing party." *Ursic*, 719 F.2d at 673; *see also Work v. Hartford Life & Accident Ins. Co.*, Civil Action No. 04-2565, 2007 WL 3287392 (E.D. Pa. Nov. 5, 2007) ("There is no presumption that a successful [party] in an ERISA action should receive an award of attorney's fees and costs unless there has been a showing of exceptional circumstances.") (citing *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc.*, 33 F.3d 253, 256 (3rd Cir. 1994)).

Indeed, recognizing that "the substantive purpose of ERISA is remedial, *i.e.*, it is designed to protect 'the interests of participants in employee benefit plans and their beneficiaries,'" courts have noted that "fees or costs seldom should be assessed against unsuccessful ERISA plaintiffs" (like Plaintiffs) under Section 502(g)(1). *R.I. Carpenters Annuity Fund v. Trevi Icos Corp.*, 533 F. Supp. 2d 246, 250 (D.R.I. 2006) (citing 29 U.S.C. § 1001(b)); *see Operating Eng'rs Pension Trust v. Gilliam*, 737 F.2d 1501, 1505-06 (9th Cir. 1984); *Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 719-20 (7th Cir. 1981)); *Toussaint v. JJ Weiser, Inc.*, No. 09-3797-cv, 2011 WL 2175987, at *2 (S.D.N.Y. June 6, 2011) ("The five

4

factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.") (quoting *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000)). "This 'favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith.'" *Toussaint*, 2011 WL 2175987, at *2.

## II.

### THE COURT SHOULD NOT AWARD ATTORNEY'S FEES TO WASTE MANAGEMENT.

In this Circuit, courts considering requests for an award of discretionary attorney's fees are guided by the five factors adopted by the Third Circuit in *Ursic*. *See Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 n.8 (2010) (noting that court may consider factors such as those identified in *Ursic* once a claimant has established that it is eligible for attorney's fees); *see also Nat'l Sec. Sys., Inc.*, 2010 WL 3825712, at *6 (post-*Hardt*, "reliance on the five factors laid out in *Ursic* [is] appropriate"); *Policaro v. Eaton Corp.*, Civil Action No. 09-1039, 2010 WL 2933957, at *1 (W.D. Pa. July 26, 2010) ("the traditional five-factor test . . . retains vitality under the law"). The five factors are: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." *Ursic,* 719 F.2d at 673. None of those factors weigh in favor of an award of attorney's fees against Plaintiffs, an ERISA pension fund and its trustees.

### A.      Plaintiffs Commenced the Action in Good Faith and Without Culpability.

The first *Ursic* factor does not favor an award of attorney's fees, because Plaintiffs commenced the Action in good faith and without culpability. "Bad faith typically refers to an ulterior motive or a sinister purpose." *Davis v. Reliance Standard Life Ins. Co.*, Civil

5

Action No. 08-786, 2010 WL 1948342, at *2 (E.D. Pa. May 12, 2010) (citing *McPherson*, 33

F.3d at 256).  "Culpable conduct encompasses action that is 'reprehensible or wrong.'"  *Einhorn*

*v. M.L. Ruberton Constr. Co.*, 720 F. Supp. 2d 639, 643 (D.N.J. 2010) (citing *McPherson*, 33

F.3d at 257).  Other than a conclusory assertion of bad faith (*see* Def. Memo. at 5), Waste

Management does not—and cannot—allege any "ulterior motive or a sinister purpose" or any

conduct that was "reprehensible or wrong."

        Courts decline to find bad faith when—as here—there can be no finding that the

moving party has been injured or that the non-moving party violated ERISA.  *See, e.g.*, *Local*

*827 Int'l Brotherhood of Elec. Workers, AFL-CIO v. Verizon N.J., Inc.*, No. Civ. 02-1019(RMB),

2006 WL 2246369, at *5 (D.N.J. Aug. 3, 2006) (denying Section 502(g)(1) motion for attorney's

fees); *see also McGuffey v. Brink's, Inc.*, 594 F. Supp. 2d 553, 556 (E.D. Pa. 2009) (finding no

bad faith or culpability where non-moving party "made reasonable, non-frivolous arguments

interpreting [ERISA]").  Courts also decline to find bad faith when—as here—the claims of the

parties involve a question of first impression.  *See, e.g.*, *Trucking Employees of N. Jersey*

*Welfare Fund, Inc.*, 130 F.R.D. at 325 (declining to find bad faith in part because dispute

involved questions of first impression); *cf. Digiacomo v. Teamsters Pension Trust Fund of Phila.*

*& Vicinity*, 154 Fed. Appx. 312, 313-14 (3rd Cir. 2005) (declining to find bad faith or culpability

due to the fact that the issue underlying the action was a "close and difficult one" that had

divided the Courts of Appeals).

        Plaintiffs' assertion that Waste Management failed to timely initiate arbitration

when it initiated arbitration under the AAA Rules subsequent to the statutorily-imposed deadline

was based on a reasonable interpretation of the PBGC Regulations, which expressly provide that

the alternative rules adopted by parties for a particular withdrawal liability dispute—such as the

6

AAA Rules adopted by Waste Management and the Fund—govern the parties' dispute in lieu of the PBGC Regulations. *See* 29 C.F.R. § 4221.14. "[T]here is certainly nothing reprehensible or wrong (in the . . . absence of bad faith) in vigorously advocating a legally supportable—albeit ultimately unsuccessful—position that would benefit the Fund[]." *Einhorn*, 720 F. Supp. 2d at 643 ("'[A] party is not culpable merely because it has taken a position that did not prevail in litigation.'" (citing *McPherson*, 33 F.3d at 257)).

The Court should not penalize Plaintiffs for vigorously advocating their position regarding an issue that has not been addressed by any U.S. Circuit Court of Appeals. The only case arguably on point located by either party—*Fife*—is a California District Court case that is not binding on this Court, that involved a materially different set of facts and, Plaintiffs believe, was wrongly decided. In *Fife*, the employer agreed to use the AAA Rules for the arbitration hearing only and not for the entirety of the arbitration, as Waste Management did in this case. Indeed, the *Fife* court acknowledged that when the AAA Rules are adopted by plan amendment, an employer *is* required to initiate arbitration pursuant to the AAA Rules. *Fife*, 2011 U.S. Dist. LEXIS 9045, at *12-14. As Plaintiffs pointed out in their opposition to Waste Management's Motion to Dismiss, the decision in *Fife* was wrong, because the PBGC Regulations requiring that the AAA Rules govern the parties' dispute in lieu of the PBGC Regulations do not distinguish between adoption of alternative arbitration procedures by plan amendment and adoption by parties for a particular case. *See* 29 C.F.R. § 4221.14. (*See* MTD Opp. Br. at 20 n.10.)

Nor are Plaintiffs "culpable," as Waste Management contends, merely for continuing to pursue a position "[d]espite a showing of authority [allegedly] contrary to the Fund's asserted arguments." (Def. Memo. 5.) *See McGuffey*, 594 F. Supp. 2d at 556 (finding no culpability or bad faith despite moving party's argument that the non-moving party and its

7

attorney "by pursuing her legal theory despite the [moving party's] counsel assuring her that it was meritless").  In any event, this is not a case where the moving party provided "authority contrary to [Plaintiffs'] asserted arguments."  Waste Management first presented the *Fife* case in its Motion to Dismiss—*i.e.*, after it had incurred the bulk of the attorney's fees relating to the Action.

Finally, when—as here—the record is limited to "little more than allegations and arguments," and the Court has had no opportunity to resolve the disputed facts of the litigation, the "information of record is insufficient for [it] to determine whether [Plaintiffs] acted with culpability or bad faith."  *Davis*, 2010 WL 1948342, at *2 (court unable to find culpability or bad faith by non-moving party where record limited to complaint, motion to dismiss and response thereto, motion to compel and response thereto and the submissions regarding the attorney's fees motion).

## B. Paying Waste Management's Attorney's Fees Would Cause the Fund Significant Hardship.

The second *Ursic* factor—Plaintiffs' ability to pay—also weighs against any award of attorney's fees.  Although the Fund may hold "millions of assets" (*sic*) (Def. Memo. at 5), it is so severely underfunded that its actuary has certified it as in "critical" status.  (*See* Declaration of Jaimie C. Davis in Opposition to Defendant's Motion for Attorney's Fees (July 5, 2011) ("Davis Decl."), at ¶ 3, Exh. A.)  As such, payment of Waste Management's attorney's fees—which would be drawn from assets held for the benefit of Fund participants and beneficiaries and the administration of the Fund[1]—would cause significant hardship.  *See*

---

[1] Waste Management's suggestion that the Trustees are able to pay is wrong.  Pursuant to the Amended Agreement and Declaration of Trust of the Fund, dated as of March 29, 1976, *as amended* (the "Trust Agreement"), an award of fees against the Trustees would be paid out of the Fund in any event.  (*See* Trust Agreement, relevant excerpts of which are annexed to the Davis Decl. as Exh. B, at Art. 6.11 ("[T]he expenses incurred by [the Trustees] in the performance of their duties, including proper charges and disbursements and expenses incurred in defending or prosecuting any action or actions brought by or against them shall be, if lawful, paid out of the Fund.").)

*McGuffey*, 594 F. Supp. 2d at 556 (finding second *Ursic* factor weighed against awarding fees because although non-moving party "may have the ability to pay [the moving party's] attorneys' fees, . . . such payment could cause significant hardship").[2]

**C.    An Award of Attorney's Fees Would Frustrate ERISA's Objectives and Fail to Create a Deterrent Effect.**

The third factor—the deterrent effect on the offending parties—similarly does not favor an award of attorney's fees.  This factor considers "whether it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which the [non-moving party] engaged."  *McPherson*, 33 F.3d at 258.  Given that Waste Management cannot establish that Plaintiffs acted in bad faith or with culpability, it similarly cannot satisfy the third *Ursic* factor.  "Without a determination that [Plaintiffs were] culpable," the Court should find that "an award of attorneys' fees would not act as a deterrent and thus, this factor weighs against granting the [M]otion."  *Davis*, 2010 WL 1948342, at *3; *see also Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, 642 F. Supp. 2d 317, 321 (D. Del. 2009) (where complaint not meritless, defendant cannot argue under the third *Ursic* factor that an award of attorney's fees is needed to deter plaintiff from filing future meritless complaints).

The "parade of horribles" that Waste Management claims would have resulted from the Court's adoption of Plaintiffs' position is based on the faulty premise that, in commencing the Action, Plaintiffs sought to litigate the parties' underlying withdrawal liability dispute in court in lieu of arbitration.  (*See* Def. Memo. at 5-6.)  Had Plaintiffs prevailed in the Action and the Court found that Waste Management's initiation of arbitration was untimely,

---

[2] Nor is it of any consequence that "the Fund paid the fees of its own counsel to pursue" this Action.  (Def. Memo. at 5.)  Indeed, Plaintiffs' intentions in commencing the Action included, *inter alia*, limiting the amount of attorney's fees the Fund would be required to pay.  Had Plaintiffs prevailed in the Action, they would have obviated the need for the Fund to incur attorney's fees in defending against Waste Management's claims in the pending withdrawal liability arbitration.

Waste Management's challenge to the partial withdrawal liability assessment would have been over.[3]

Plaintiffs "cannot be deemed an 'offending' party merely for having sued [Waste Management]." *McGuffey*, 594 F. Supp. 2d at 556.  Deterring the institution of suit by ERISA funds would run afoul of Congress's intention that multiemployer pension plan fiduciaries take legal action, when they consider it necessary or appropriate to protect the interests of plan participants and beneficiaries.  Based on their interpretation of a seldom-tested provision of the PBGC Regulations, Plaintiffs reasonably believed that Waste Management initiated arbitration eleven days late in contravention of the explicit mandate of ERISA that any withdrawal liability arbitration be timely initiated.  *See* Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). "Indeed, [Plaintiffs] might have had a fiduciary duty to bring the suit if there was a reasonable prospect of success." *Einhorn*, 720 F. Supp. 2d at 640 (citing 29 U.S.C. § 1104(a) and cases). "If an award of attorneys' fees deters fund managers from pursuing potentially meritorious claims pursuant to their fiduciary duties, ERISA objectives could be undermined." *Id.*

**D.   An Award of Attorney's Fees Would Benefit Waste Management, Not the Fund's Participants and Beneficiaries.**

Waste Management conferred no benefit on the Fund's participants.  Waste Management "cite[s] no authority supporting their 'indirect benefit' theory of application of this *Ursic* factor," which theory previously has been rejected.  *Toy*, 642 F. Supp. 2d at 321; *cf. Einhorn*, 720 F. Supp. 2d at 643 (where employer moved for attorney's fees against multiemployer pension plan, employer "concede[d] that an award of attorneys' fees would not bestow a benefit on pension plan members").

---

[3] Employers are not entitled to arbitrate their withdrawal liability assessments in all instances.  Rather, ERISA favors arbitration *only* when arbitration is timely initiated.  *See* Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1); *IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 129 (3d Cir. 1986) (forfeiture of employer's right to dispute withdrawal liability through untimely initiation is seemingly harsh, but is a self-inflicted wound).

**E.**     **The Merits of Waste Management's Position in a Case of First Impression Did Not So Outweigh the Relative Merits of Plaintiffs' Position.**

Although Waste Management prevailed on its Motion to Dismiss, the fifth factor—the relative merits of the parties' positions—does not automatically favor an award of attorney's fees. *See McPherson*, 33 F. 3d at 258 ("The fact that the [losing party's] position has not been sustained, does not alone put the fifth factor in the column favoring an award."); *Einhorn*, 720 F. Supp. 2d at 644 (citing *McPherson*, 33 F.3d at 258). This is particularly true when—as here—the case "involves a complex legal question of first impression in the Third Circuit." *Einhorn*, 720 F. Supp. 2d at 644 (declining to conclude that the fifth factor favors an award of attorney's fees where resolution of the litigation involved a legal question of first impression).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny

Waste Management's Motion for Attorney's Fees.

Respectfully submitted,


Dated: July 5, 2011

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.

By: _____

John M. Agnello
Melissa E. Flax

5 Becker Farm Road
Roseland, New Jersey  07068-1739
(973) 994-1700

*Of Counsel:*

SCHULTE ROTH & ZABEL LLP
Ronald E. Richman
Jaimie C. Davis

919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for Plaintiffs Teamsters-Employers Local
945 Pension Fund and Trustees of Teamsters-
Employers Local 945 Pension Fund*