NOT FOR PUBLICATION                                                                                              CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAMSTERS-EMPLOYERS LOCAL 945 PENSION FUND, | Hon. Faith S. Hochberg |
| and | Civil No. 11-902 (FSH) |
| TRUSTEES OF TEAMSTERS-EMPLOYERS LOCAL 945 PENSION FUND, | **OPINION & ORDER** |
| | Date: August 3, 2011 |
| Plaintiffs, | |
| v. | |
| WASTE MANAGEMENT OF NEW JERSEY, INC., | |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court on Defendant's Motion for Attorney's Fees. The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

## BACKGROUND

Plaintiff Teamsters-Employers Local 945 Pension Fund (the "Fund") is a Taft-Hartley trust fund established and maintained pursuant to the Labor Management Relations Act. The Fund provides retirement and related benefits to eligible participants and beneficiaries. Defendant Waste Management of New Jersey, Inc. entered into a collective bargaining agreement with the Union which was effective from July 1, 2004 through June 30, 2009 and which required Waste Management to contribute to the Fund on behalf of some of its employees. After Waste

1

Management withdrew from the agreement, the Fund determined that Waste Management incurred partial withdrawal liability in the principal amount of $26,637,834.

On June 2, 2010, Waste Management received a notice of this liability and a demand for payment issued by the Fund.  On July 30, 2010, Waste Management submitted a request for review of the partial withdrawal liability pursuant to Section 4219(b)(2)(A) of ERISA.  The Fund responded on November 24, 2010.

Under Section 4221(a)(1) of ERISA, either the employer or the plan sponsor may initiate arbitration within a period of 60 days following the earlier of the date of notification to the employer of the plan sponsor's response to the review request or 120 days after the date of the employer's request for review.  On November 29, 2010, Waste Management sent a letter to the Fund seeking to initiate arbitration pursuant to the regulations promulgated by the Pension Benefit Guaranty Corporation (the "PBGC").

The underlying action arises out of the parties' dispute as to whether arbitration was timely initiated. On June 2, 2011, this Court issued an Opinion & Order granting Waste Management's Motion to Dismiss on the grounds that Waste Management timely initiated arbitration on November 29, 2010, pursuant to the PBGC regulations.  This Court found that though the parties later agreed to arbitrate under AAA rules, that agreement did not require Waste Management to "re-initiate" arbitration proceedings.

Defendant now seeks payment of $34,225 in attorney's fees incurred in defending this action.

## DISCUSSION

ERISA provides for the recovery of reasonable attorney's fees and costs pursuant to 29

U.S.C. § 1132(g), which states that "in any action ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow reasonable attorney's fees and costs of action to either party."

I.    SUCCESS ON THE MERITS

In Hardt v. Reliance Standard Life Insurance Company, 130 S.Ct. 2149 (2010), the Supreme Court held that ERISA permits courts, in their discretion, to award fees to either party, "as long as the fee claimant has achieved 'some degree of success on the merits.'" Id. (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)).

Here, the parties do not dispute that Waste Management is the prevailing party. This Court granted Waste Management's Motion to Dismiss this action not long after the case was filed.

II.    THE *URSIC* FACTORS & OTHER RELEVANT CONSIDERATIONS

In determining whether to make any award of fees under ERISA, courts have typically considered the following five factors: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).

"The factors serve merely as flexible guidelines and no one factor is determinative; nor must each one be considered." Trucking Employees of North Jersey Welfare Fund, Inc. v. Brockway Fast Motor Freight Co., 130 F.R.D. 314, 325 (D.N.J. 1989) (citing Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 258 (1st Cir. 1986)). Indeed, "the Court need not expressly evaluate the Ursic factors, but rather is free to consider any factors that it deems

relevant in exercising its discretion." Hewel v. Long Term Disability Income Plan for Choices Eligible Emples. of Johnson & Johnson, No. 09-5343 (FSH), 2010 U.S. Dist. LEXIS 67340, at *5-6 (D.N.J. July 7, 2010).

Here, this Court finds the first and last of the Ursic factors dispositive. As set forth below, Plaintiffs brought this action in good faith, raising a legal question not squarely addressed in this Circuit before. While Plaintiffs' position was not, ultimately, meritorious, they will not be charged with the attorneys' fees of their adversary.

    A.    Culpability or Bad Faith

"The first Ursic factor favors an award to the prevailing party not only in cases involving 'bad faith' but in other cases as well....A losing party may be culpable [] without having acted with an ulterior motive." McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 256-57 (3d Cir. 1994).

"A party is not culpable merely because it has taken a position that did not prevail in litigation...." Id. However, "'an award of counsel fees to be appropriate in an ERISA case without finding that the defendants had acted with an ulterior or sinister purpose." Id. (citing Groves v. Modified Retirement Plan, Inc., 803 F.2d 109 (3d Cir. 1986)).

Plaintiffs cannot be said to have acted with an ulterior or sinister purpose here, in merely bringing the instant action. The underlying dispute raised the issue of whether, after having initiated arbitration under Pension Benefit Guaranty Corporation regulations, parties choosing to arbitrate under different rules – here, those of the American Arbitration Association – must initiate arbitration by the appropriate deadline under those rules as well. This is a nuanced factual scenario not clearly addressed by the complex regulations governing ERISA, nor squarely

ruled on by any court in the Third Circuit.

Waste Management argues that Plaintiffs acted in bad faith when, faced with legal authority contrary to the position, they continued to pursue this action. The legal authority upon which Waste Management relies, Operating Engineers' Pension Trust Fund v. Fife Rock Products Company, No. 10-697 (SI), 2011 U.S. Dist. LEXIS 9045 (N.D. Cal. Jan. 24, 2011), is an as-yet unpublished decision from a court in another district. While this Court found the reasoning in Fife, coupled with the reasoning behind the relevant statutory provisions, persuasive, the existence of the decision is hardly sufficient to render Plaintiffs' action frivolous. Accordingly, Plaintiffs cannot be said to be culpable or to have brought the instant action in bad faith. See McGuffey v. Brink's, Inc., 594 F. Supp. 2d 553, 556 (E.D. Pa. 2009) (finding no bad faith where Plaintiff "made reasonable, non-frivolous arguments interpreting" a provision of ERISA).

B.  Relative Merits of the Parties' Position

"[C]oncerning the relative merits of the parties' positions, [the court] must determine whether 'the losing party's position [was] substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" Reinert v. Giorgio Foods, 15 F. Supp. 2d 589, 599 (E.D. Pa. 1998) (quoting Meredith v. Navistar, 935 F.2d 124, 128 (7th Cir. 1991)).

As set forth above, Plaintiffs appear to have undertaken this action in good faith and not merely to harass Waste Management. While Plaintiffs' position did not prevail, Plaintiffs did present an interpretation of the relevant ERISA regulation not previously addressed by any court in this circuit. While Waste Management asserts that Plaintiffs' position was baseless, they point to no clearly established case law other than Fife that is directly on point. Under these

circumstances, this Court will not award attorneys' fees.

## CONCLUSION

For the reasons set forth above,

**IT IS** on this 3rd day of August, 2011, hereby

**ORDERED** that Plaintiff's Motion for Attorney's Fees is **DENIED**.

The Clerk of the Court is directed to terminate the motion (Dkt. No. 27). The case will remain closed.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.
